UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE DEON CARROLL,<br><br>  Plaintiff,<br><br>  v.<br><br>SPEARMAN, et al.,<br><br>  Defendants. | No. 2:17-cv-0862 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff, who uses a wheelchair, contends that while he was incarcerated at High Desert State Prison ("HDSP") defendants provided unsafe conditions for him in violation of the Americans with Disabilities Act ("ADA"), used excessive force, and retaliated against him. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 6.) Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, the court will grant plaintiff's motion, dismiss most of plaintiff's claims as duplicative of claims raised in a prior action in this court, find it unclear whether the two remaining claims are duplicative, and give plaintiff an opportunity to either dismiss this case or amend his complaint.

////

////

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

## II. Allegations of the Complaint

Plaintiff identifies the following defendants: Warden Spearman; John Doe #1, a correctional officer; John Doe #2, a correctional officer; and John Doe #3, a construction company owner. (ECF No. 1.) Plaintiff alleges he was transferred from California Medical Facility to HDSP in retaliation for reporting sexual misconduct. Plaintiff states that he is confined to a wheelchair and requires an ADA compliant prison. In addition, plaintiff was "mandated to be in EOP[1] level of care." Plaintiff contends HDSP is not compliant with the ADA or EOP. When attempting to navigate the "hazardous yard," plaintiff fell into a ditch left open by a construction crew. Plaintiff injured his back, neck, elbow, and shoulder. HDSP denied him medical treatment for his injuries.

In retaliation for reporting the sexual misconduct and for reporting the problems with the ditch and lack of medical care, staff falsified a rules violation report ("RVR") to put plaintiff in the "hole." When he was leaving the facility program office, he was punched in the face by a correctional officer and knocked unconscious and out of his wheelchair. His jaw was injured by the blow and he was taken to an outside hospital. A doctor there said "a procedure was required."

## III. Does Plaintiff State Cognizable Claims?

### A. Duplicative Claims

Initially, the court notes that in 2016, plaintiff filed a civil rights complaint against Warden Spearman and others alleging violations of his rights at HDSP. That case is Carroll v. Spearman, No. 16-cv-2443 JAM EFB P (E.D. Cal.). A review of plaintiff's complaint in that case shows that most of the claims plaintiff makes here are the same as those he alleged previously. Plaintiff may not seek relief on the same claims in two different actions. Accordingly, the court will dismiss the following claims as duplicative of plaintiff's claims in case no. 16-cv-2443 JAM EFB P: (1) plaintiff was transferred to HDSP in retaliation for reporting sexual misconduct; (2) HDSP is not compliant with the ADA or with the EOP; (3) plaintiff was injured when he fell into a ditch in his wheelchair; and (4) plaintiff was refused medical treatment after his fall.

---

[1] EOP is the abbreviation for Enhanced Outpatient Program, which is a prison mental health care program designation. Cal Code Regs., tit. 15, § 3040.1(d); Coleman v. Brown, 28 F. Supp. 3d 1068, 1075 (E.D. Cal. 2014).

Plaintiff makes two additional allegations in the present complaint. First, he contends "staff" falsified an RVR to place plaintiff in the "hole." Second, he contends that when he was leaving the program office, he was punched in the face by an officer. In plaintiff's prior case, he makes somewhat similar allegations. He contends LVN Valdez falsified an RVR regarding an event on September 25, 2016 when Valdez alleged plaintiff snatched a cup of water from her and threw it at her. Plaintiff also states in this prior complaint that he was subjected to a "physical assault by staff after falsified report by HDSP LVN Valdez." (Compl. in case no. 16-cv-2443 JAM EFB P.)

It appears likely that the falsified RVR and assault complained of in plaintiff's present complaint are the same as the falsified RVR and assault complained of in the prior complaint. However, it is not completely clear those claims are duplicative because plaintiff fails to state them with sufficient particularity. If they are the same, plaintiff shall file a notice voluntarily dismissing this action under Federal Rule of Civil Procedure 41(a). If the claims are different than those in the prior complaint, plaintiff will be given an opportunity to file an amended complaint to re-state these claims.

**B. Amended Complaint**

If the claims regarding filing a false RVR and for excessive force are different than the claims plaintiff alleged in case no. 16-cv-2443 JAM EFB P, then plaintiff may file an amended complaint to attempt to state claims that are cognizable under § 1983. To do so, plaintiff must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if his allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally

5

participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

To allege cognizable claims under § 1983, plaintiff must describe why a defendant's conduct deprived him of a constitutional right. Plaintiff's claim that a staff member filed false charges does not state a claim under § 1983. The filing of a false report or charge, without more, does not violate due process and does not state a cognizable claim under § 1983. "The Due Process Clause does not provide a guarantee that Plaintiff will be free from fabricated accusations." Saenz v. Spearman, No. CV-1:09-00557-GSA-YNP, 2009 WL 2365405, at *8 (E.D. Cal. July 29, 2009); see also Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017). Rather, the Due Process Clause protects prisoners from being arbitrarily deprived of a liberty interest without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Hewitt v. Helms, 459 U.S. 460, 466 (1983). The prisoner must next establish that the prison failed to meet the minimal procedural requirements before depriving him of that interest. Wolff, 418 U.S. at 556. In the prison disciplinary context, the minimum procedural requirements that satisfy due process are as follows: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71.

Plaintiff's claim for excessive force is also inadequate. To allege a claim for excessive force in violation of the Eighth Amendment, plaintiff must identify the officer he contends hit him and show that the force was not "applied in a good-faith effort to maintain or restore discipline," but

1  was applied "'maliciously and sadistically to cause harm.'"  Wilkins v. Gaddy, 559 U.S. 34, 37

2  (2010) (per curiam) (quoting Hudson, 503 U.S. at 7).

3      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R.

4  Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R.

5  Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

6  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

7      The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

8  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

9  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

10  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

11  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

12  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

13  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

14      An amended complaint must be complete in itself without reference to any prior pleading.

15  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

16      By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

17  evidentiary support for his allegations, and for violation of this rule the court may impose

18  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

19      For the foregoing reasons, IT IS HEREBY ORDERED as follows:

20      1.    The following claims in the complaint are dismissed as duplicative of claims

21      made by plaintiff in case no. 16-cv-2443 JAM EFB P:  (1) plaintiff was

22      transferred to HDSP in retaliation for reporting sexual misconduct; (2) HDSP is

23      not compliant with the ADA or with the EOP;  (3) plaintiff was injured when

24      he fell into a ditch in his wheelchair; and (4) plaintiff was refused medical

25      treatment after his fall

26      2.    The court is unable to determine whether plaintiff's claims regarding the false

27      RVR and excessive force are duplicative.  Within thirty days of the date of this

28      order, plaintiff shall do one of two things:

      a. If his claims regarding the false RVR and excessive force are the same as those alleged in case no. 16-cv-2443 JAM EFB P, then plaintiff must file a notice with the court stating that he wishes to dismiss this action.

      b. If the claims are new, then plaintiff may file an amended complaint. The amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint.

      c. Failure to comply with this order may result in dismissal of this action.

Dated: July 25, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/carr2443.scrn

8