UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREYMAYNE DEON CARROLL,<br><br>Plaintiff,<br><br>v.<br><br>SPEARMAN, et al.,<br><br>Defendants. | No. 2:17-cv-0862 JAM DB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff, who uses a wheelchair, alleges officials at High Desert State Prison ("HDSP") failed to provide him with safe living conditions in violation of the Americans with Disabilities Act ("ADA"), used excessive force, and retaliated against him. The court screened and dismissed plaintiff's claims as duplicative of claims raised in a prior action in this court. (ECF No. 7.) Presently before the court is plaintiff's motion to amend the complaint (ECF No. 17) and motion requesting a preliminary injunction, a temporary restraining order, and the appointment of counsel (ECF No. 18). The court will address each request in turn.

**I.      Motion to Amend the Complaint**

Plaintiff filed a motion to amend the complaint. (ECF No. 17.) Plaintiff was given leave to amend the complaint when the court screened and dismissed his claims. (ECF No. 7.) Plaintiff received two extensions of time in which to file an amended complaint. (ECF Nos. 10, 15.) The

1

court will give plaintiff the opportunity to file an amended complaint. However, plaintiff is warned that failure to file an amended complaint within thirty days may result in a recommendation that this action be dismissed.

## II. Motion for Preliminary Injunction and Temporary Restraining Order

Plaintiff requested a preliminary injunction and temporary restraining order commanding prison officials to transfer plaintiff to a federal medical facility. (ECF No. 18 at 1.) Plaintiff claims there is no California Department of Corrections and Rehabilitation ("CDCR") facility where he is safe from retaliation. He claims HDSP, where he is presently housed, is unsafe for inmates with mobility impairments, officials do not respond to his reasonable accommodation requests, and his administrative grievances are denied, lost, rejected, or cancelled. Plaintiff also requested the court order CDCR to release all incident reports, medical records, construction contracts, and to hold various CDCR officials financially responsible for violating plaintiff's rights. (Id. at 3.)

### A. Legal Standards

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]" In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West Bank, No. 2:10-cv-0227 GEB EFB, 2010 WL 406092, at *1-2 (E.D. Cal. Jan. 29, 2010).

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief

////

2

hinges on a significant threat of irreparable injury that must be imminent in nature. <u>Caribbean Marine Serv. Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of the hardships tips sharply in plaintiff's favor. <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after <u>Winter</u>).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's compliant presents cognizable claims. <u>See</u> <u>Zepeda v. United States Immigration Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. <u>See</u> <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1]

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and

3

**B. Analysis**

Plaintiff has not yet stated a cognizable claim, thus, the court cannot make a determination regarding the likelihood of plaintiff's success on the merits. See Barret v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (At the pleading stage the court is not in a position to determine questions of the claim's merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated.). Because the court cannot determine if plaintiff is likely to succeed on the merits of his claim, the court cannot issue an injunction. Further, the Ninth Circuit has found that inmates in state custody have no right to transfer to a federal prison. See Van Smith v. Franklin, 286 Fed.Appx. 373, 374 (9th Cir. 2008). The court will recommend plaintiff's motion for preliminary injunction be denied.

**III. Motion to Appoint Counsel**

Plaintiff captioned the motion as a motion to appoint counsel, but does not address the request in the body of the motion or otherwise explain why counsel should be appointed. (ECF No. 18.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of

---

preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. Unites States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

counsel. In the present case, at this point in the litigation, the court does not find that plaintiff has shown this case warrants the appointment of counsel at this time. The court will deny the motion to appoint counsel without prejudice to its renewal at a later time.

## IV. Amending the Complaint

Plaintiff was informed in the court's screening order (ECF No. 7) that his claims were duplicative of claims he made in a separate case (See Carroll v. Spearman, No. 16-cv-2443 JAM EFB P (E.D. Cal.)) The claims made in that case involved plaintiff's allegations that he was transferred to HDSP in retaliation for reporting sexual misconduct; (2) HDSP is not ADA compliant or EOP compliant; (3) plaintiff was injured when he fell into a ditch in his wheelchair; and (4) he was denied medical treatment after the fall.

Plaintiff has repeated the same allegations in his motion for a preliminary injunction. (ECF No. 18.) Plaintiff is reminded that he must allege facts stating a different claim than those alleged in case no. 16-cv-2443. If plaintiff cannot allege facts showing his claim in this action is different from the claim in case no. 16-cv-2443, the court will recommend that this case be dismissed with prejudice. See Fed. R. Civ. P. 11(b) (a prisoner's claims are considered frivolous is they "merely repeat [] pending or previously litigated claims."); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)); see also Bell v. Harrington, No. 1:12-cv-0349 LJO GBC P, 2012 WL 893815 at *9 (E.D. Cal. Mar. 15, 2012) (sanctions for violation of Rule 11(b) may include dismissal of the plaintiff's case.).

Plaintiff is reminded that his amended complaint must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. Plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if his allegations are true. It must contain a request for particular relief if his allegations are true. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal

5

constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**V.     Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend the complaint (ECF No. 17) is granted;

2. Plaintiff's motion for the appointment of counsel (ECF No. 18) is denied; and

3. Plaintiff is ordered to file an amended complaint within thirty days of the date of this order. Plaintiff is warned that failure to file an amended complaint may result in a recommendation that this action be dismissed.

////

////

6

1 IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 18) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner-Civil Rights/carr0862.31(2)