UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREYMAYNE DEON CARROLL,<br><br>Plaintiff,<br><br>v.<br><br>SPEARMAN, et al.,<br><br>Defendants. | No. 2:17-cv-0862 JAM DB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff, who uses a wheelchair, alleges officials at High Desert State Prison ("HDSP") failed to provide him with safe living conditions in violation of the Americans with Disabilities Act ("ADA"), used excessive force, and retaliated against him. Plaintiff filed objections to the court's findings and recommendations dated March 20, 2018 (ECF No. 19). Included with his objections were: (1) a request to consolidate this action with two other cases plaintiff has filed in this district, (2) a motion to amend the complaint, and (3) a motion to appoint counsel. (ECF No. 20.) For the reasons set forth below the court will recommend the request to consolidate be denied, deny the motion to appoint counsel, and grant the motion to amend the complaint.

////

////

1

**I.  Request to Consolidate**

Plaintiff stated he objects to the courts "denial(s)/ruling(s) in the above entitled case number(s) and requests to amend/consolidate the filings under 'one' case number." (ECF No. 20.) The court construes this as a motion to consolidate this action with two other cases plaintiff filed in this district.

Federal Rule of Civil Procedure 42(a) permits the court to consolidate actions involving a common question of law or fact, and consolidation is proper when it serves the purposes of judicial economy and convenience. See Devlin v. Transportation Communications Intern. Union, 175 F.3d 121, 130 (2d. Cir. 1999); Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995). The purpose of consolidation is to avoid unnecessary cost or delay where the claims and issues contain common aspects of law or fact. E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998); see also Malone v. Strong, 2016 WL 3546037, n.2 (W.D. Wash. 2016) (citing E.E.O.C., 135 F.3d at 551) (primary purpose of consolidation is to promote trial court efficiency and avoid the danger of inconsistent adjudications).

District courts have broad discretion to grant or deny consolidation. Pierce v. Cnty. of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008); see also In re Adams Apples, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987). In deciding whether to consolidate, a court should weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause," Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); see also Zhu v. UCBH Holdings, Inc., 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010), as well as balancing "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." S.W. Marine Inc. v. Triple A Mach. Shop, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

**A.  Case No. 16-cv-1759**

On July 27, 2016 plaintiff filed Carroll v. State of California, No. 16-cv-1759 TLN KJN ("State of California"). In that action plaintiff named as defendants the State of California and the California Department of Corrections and Rehabilitation ("CDCR"). He claimed defendants violated his due process rights by improperly designating him an "R" suffix inmate and that he

was assaulted in violation of the Eighth Amendment as a result. The magistrate judge assigned to the case entered findings and recommendations on April 4, 2018 recommending that action be dismissed without prejudice for failure to file an amended complaint. (See Carroll v. State of California, No. 16-cv-1759 TLN KJN (E.D. Cal.) (ECF No. 49).)

It is not appropriate for this action and the State of California action to be consolidated because they involve different defendants and do not involve common questions of fact. The present case involves plaintiff's allegations regarding retaliation against plaintiff and events surround a fall plaintiff alleges occurred at HDSP, while State of California involves plaintiff's allegations that prison officials improperly designated him an "R" suffix inmate and the resulting assault. Because the cases involve different defendants and a different set of factual allegations it is not in the interest of judicial convenience to consolidate these two cases. Accordingly, the court will recommend plaintiff's request to consolidate the actions be denied.

**B. Case No. 16-cv-2443**

On October 13, 2016 plaintiff filed Carroll v. Spearman, No. 16-cv-2443 JAM EFB ("Spearman I"). Plaintiff named as defendants: (1) Warden Spearman; (2) HDSP Medical Staff Supervisor; (3) HDSP Mental Health Staff Supervisor; and LVN Valdez. The complaint contained allegations that: (1) California Medical Facility and HDSP retaliated against plaintiff for reporting employee sexual misconduct; (2) the HDSP "hiring authority" failed to ensure safe conditions for wheelchair users, causing plaintiff to fall; (3) plaintiff was subsequently denied medical care and safer housing; and (4) defendant Valdez, along with non-defendants Cervantez and Ayaly, falsified a rules violation report in retaliation for plaintiff's complaints of sexual misconduct and to cover-up the fact that plaintiff was injured when he fell on HDSP grounds. (See Carroll v. Spearman, No. 16-cv-2443 JAM EFB, 2017 WL 3334000 (E.D. Cal. Aug. 4, 2017)., ECF No. 11 at 2-3.)

The magistrate judge assigned to the case dismissed the complaint with leave to amend because it found plaintiff improperly named unknown defendants, improperly attempted to impose liability on the Warden because of his role as supervisor, and did not state a cognizable claim for relief under the applicable standards. (Id. at 3.) The complaint was later dismissed

without prejudice because plaintiff failed to file an amended complaint. (See ECF Nos. 21, 22, 23.)

Spearman I has been dismissed without prejudice and is no longer pending before the court. Thus, consolidation is improper because that case is now closed. Accordingly, the court will recommend that plaintiff's request to consolidate this case and Spearman I be denied. However, as discussed further below because Spearman I has been dismissed without prejudice plaintiff may present the allegations stated in his original complaint in this action.

**II.     Motion to Appoint Counsel**

Plaintiff captioned the motion as one requesting the appointment of counsel. (ECF No. 20.) He states he is mentally and physically disabled under the ADA and that he is a participant in the Mental Health Systems Delivery Service at the EOP[1] level of care. However, he does not make any specific arguments in favor of his request for counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims, given the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

At this point, the court cannot determine whether plaintiff has a likelihood of success on the merits because he has yet to state a cognizable claim for relief. Accordingly, the court finds

---

[1] EOP is the abbreviation for Enhanced Outpatient Program, which is a prison mental health care program designation. Cal. Code Regs., tit. 15 § 3040.1(d); Coleman v. Brown, 28 F. Supp. 3d 1068, 1075 (E.D. Cal. 2014).

4

plaintiff has not established the existence of exceptional circumstances to warrant the appointment of counsel. The court denies the motion to appoint counsel without prejudice subject to its renewal should plaintiff's circumstances change.

**III.    Motion to Amend**

The court will grant plaintiff's request to amend the complaint. As noted above, because Spearman I was dismissed without prejudice plaintiff may now state a claim based on those allegations in this action.

In the amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of his complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if his allegations are true. It must contain a request for specific relief. To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff must identify the specific person or persons who violated his rights and plead facts showing how each defendant was involved in the alleged violation.

As the court has previously stated, plaintiff's claim that a staff member filed false charges is not sufficient to state a claim under §1983. The filing of a false report or charge, without more, does not violate due process and does not state a cognizable claim under §1983. "The Due

Process Clause does not provide a guarantee that Plaintiff will be free from fabricated accusations." Saenz v. Spearman, No. 1:09-cv-0557 GSA YNP, 2009 WL 2365405, at *8 (E.D. Cal. July 29, 2009); see also Luster v. Amezcua, No. 1:16-cv-0554 DAD GSA PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017). Rather, the Due Process Clause protects prisoners from being arbitrarily deprived of a liberty interest without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The prisoner must establish that the prison failed to meet the minimal procedural requirements before depriving him of that interest. Wolff, 418 U.S. at 556. In the prison disciplinary context, the minimum procedural requirements that satisfy due process are as follows: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71.

Plaintiff has also attempted to make a claim based on excessive force in violation of the Eighth Amendment. To allege a claim for excessive force in violation of the Eighth Amendment, plaintiff must identify the officer he contends hit him and show that the force was not "applied in a good-faith effort to maintain or restore discipline," but was applied "'maliciously and sadistically to cause harm.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curium) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**IV.  Request for Copies**

Plaintiff stated he no longer had documents relating to the three cases filed in this district and requested copies of all filings and rulings in all three cases. (ECF No. 20.) Plaintiff is informed that the clerk does not ordinarily provide free copies of case documents to parties. In forma pauperis status does not include the cost of copies. The Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page. Checks in the exact amount are made payable to "Clerk, USDC." Copies of documents in cases may also be obtained by printing from the public terminals at the Clerk's Office or by contacting Cal Legal Support Group at: 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-441-4396, fax 916-400-4948. Plaintiff's request for copies is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint (ECF No. 20) is granted.

2. Plaintiff is directed to file an amended complaint within thirty days of service of this order. Failure to file an amended complaint may result in a recommendation that this action be dismissed.

////

7

3. Plaintiff's motion for the appointment of counsel (ECF No. 20) is denied without prejudice subject to its renewal; and

4. Plaintiff's request for copies (ECF No. 20) is denied.

IT IS HEREBY RECOMMENDED that plaintiff's request to consolidate (ECF No. 20) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 8, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner-Civil Rights/carr0862.am'dcompl