UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE DEON CARROLL, | No. 2:17-cv-0862 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| SPEARMAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action pursuant to 42 U.S.C. §1983. By order dated June 11, 2018 the court granted plaintiff's motion to amend the complaint and plaintiff was directed to file an amended complaint within thirty days. (ECF No. 22.) Plaintiff failed to do so and the court directed plaintiff to file an amended complaint or dismiss this action within fourteen days. (ECF No. 24.) Plaintiff has now filed a motion requesting an extension of time to file an amended complaint, moved for the appointment of counsel, and requested reconsideration of the court's previous ruling. (ECF No. 25.)

**I.  Petition for Reconsideration**

Plaintiff appears[1] to request the court reconsider his underlying claims that he has been retaliated against for reporting employee misconduct. However, the court has not made any

---

[1] To the extent plaintiff's request for reconsideration is based on the court's denial of his motion to appoint counsel (ECF No. 22), the court will address plaintiff's renewed request for counsel below.

1

decisions regarding his underlying claims because plaintiff has yet to file a complaint that states a cognizable claim for relief. Plaintiff has been given the opportunity to amend the complaint, but he has not yet filed an amended complaint. Accordingly, plaintiff's petition for reconsideration will be denied as moot as there is nothing for the court to reconsider at this time.

## II.     Motion to Appoint Counsel

Plaintiff has again requested the appointment of counsel. (ECF No. 25.) Plaintiff appears to base his argument for the appointment of counsel on his status as hearing, mobility, and vision impaired. However, plaintiff does not explain how his disabilities prevent him from articulating his claims.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Because plaintiff has not yet stated a cognizable claim the court cannot evaluate his likelihood of success on the merits. Additionally, plaintiff has not shown that he is unable to articulate his claims pro se. Accordingly, the court will deny the motion to appoint counsel at this time.

## III.    Motion for an Extension of Time

Plaintiff also requested an extension of time to either dismiss this action or file an amended complaint pursuant to the court's order of July 30, 2018. (ECF No. 24.) In light of

plaintiff's pro se status and his statements regarding his numerous transfers, the court will grant plaintiff one final opportunity to file an amended complaint. However, plaintiff is warned that failure to file an amended complaint within thirty days may result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for reconsideration (ECF No. 25) is denied as moot.
2. Plaintiff's motion for the appointment of counsel (ECF No. 25) is denied.
3. Plaintiff's motion for an extension of time (ECF No. 25) is granted; and
4. Plaintiff is granted thirty days from the date of this order in which to either dismiss this action or file an amended complaint. Failure to file an amended complaint within thirty days may result in a recommendation that this action be dismissed.

Dated: December 18, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/carr0862.31+36amc(2)